# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2011

Lyle W. Cayce
Clerk

No. 10-50876
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIAN DOMINGUEZ-NAVARRETE, also known as Julian Dominguez-Narette,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1464-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Julian Dominguez-Navarrete appeals the 57-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry into the United States after removal. He argues that the sentence is substantively unreasonable; that the advisory guidelines range is too severe and fails to account for his cultural assimilation; that U.S.S.G. § 2L1.2 gives too much weight to his prior convictions, effectively double counting his criminal record;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he reentered the United States to be with his family; and that his offense is merely an international trespass.

Because Dominguez-Navarrete did not argue that the sentence was substantively unreasonable in the district court, review is limited to plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Regardless of whether we review for plain error or for abuse of discretion, we conclude that the sentence imposed by the district court was not substantively unreasonable. The sentencing transcript reflects that the district court considered Dominguez-Navarrete's arguments for a lower sentence but ultimately determined that a 57-month within-guidelines sentence was appropriate. His "double counting" argument is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). His remaining arguments are insufficient to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *see also United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (stating that sentencing court may consider cultural assimilation but is not required to accord it dispositive weight); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008) (same); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006) (rejecting argument for lesser sentence because illegal reentry was merely an "international trespass").

AFFIRMED.